:ent against defendant, who had been notified of the destruction of his estate in trust by the death of Mrs. Gowing, and of his power in trust by election of those entitled to the subject-matter thereof. The death of Mrs. Gowing certainly divested plaintiff of all estate in the premises except the naked power in trust to sell for the purpose of distribution under the will, and such power in trust can certainly be defeated by the parties specifically entitled to such distribution, if of lawful age, and, if the rights of others will not be affected, by simply giving notice to the person in whom the power in trust is lodged that they elect to take the land instead of the fund which would be realized from its sale. This is not the destruction of a trust, but the defeating of a power in trust. Prentice v. Janssen, 79 N. Y. 478. Mrs. Hillyard and her two neices were the only persons who had cause of action for the rent of the premises for March, 1896, and the verdict should not have been directed for plaintiff, but for the defendant, who is entitled to judgment and an extra allowance of 5 per cent. upon the claim.

(17 Misc. Rep. 310)

### GARFIELD NAT. BANK v. KIRCHWEY.

(City Court of New York, General Term. June 30, 1896.)

PLEADING—ANSWER—STATING DEFENSE AND COUNTERCLAIM.

> Where an answer contains several paragraphs, separately numbered, one of which recites that defendant "further answering by way of defense," etc., and another that defendant "further answering by way of counterclaim," etc., such paragraphs properly plead new matter and counterclaim, and a motion that defendant be required to serve amended answer setting out the affirmative matter "in such manner as to enable plaintiff to ascertain whether the same is intended to be pleaded by way of defense or counterclaim" should be denied.

Appeal from special term.

Action by the Garfield National Bank against George W. Kirchwey. From an order granting a motion to compel defendant to make his amended answer more definite and certain, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and CONLAN, J.

Hector M. Hitchings, for appellant.

John J. Adams, for respondent.

VAN WYCK, C. J. The defendant's original answer labeled his affirmative plea as "a defense, set-off, recoupment, cause of action, and counterclaim to the matters alleged in the complaint," and to this plaintiff objected, and properly sought and obtained on motion an order compelling defendant to make his answer more definite and certain by separately stating each and every defense or counterclaim. This order the defendant had fully obeyed when he served an amended answer, by the second subdivision of which he set forth as follows: "Further answering by way of defense," and by the third subdivision of which he says: "Further answering by way of counterclaim." The first is an allegation of new matter

by way of defense, and the latter is good pleading by way of counterclaim, and each is properly labeled. To the first, plaintiff. may be compelled to reply on defendant's application; and to the latter he will be in default unless he replies; and either or both are open to his demurrer, for each is fully stated in separate subdivisions of the answer, properly numbered and folioed. However, plaintiff sought and obtained the order from which this appeal is taken, directing defendant to serve another and further amended answer, setting out the affirmative matter "in such manner as to enable plaintiff to ascertain whether the same is intended to be pleaded by way of defense or counterclaim." The plaintiff had already pleaded the new matter as a defense and as counterclaim, and this he had the right to do under the Code, provided he pleaded them separately, fully stating each in a separate subdivision of the answer, properly numbered and folioed. This second motion should have been denied.

The order is reversed, with costs, and the original motion denied, with $10 costs.